IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Anne Marie Connor  
   Plaintiff,  
      V.  
United States of America  
Commissioner of Internal Revenue,  
Internal Revenue Service  
   Defendants

Case No.:05-370

REQUEST FOR *Speedy* DECLARATORY JUDGMENT  
28 U.S.C. §2201 and F.R.C.P. Rule 57

FILED  
JUL 15 2005  
U.S. DISTRICT COURT  
DISTRICT OF DELAWARE

COMES NOW, Anne Marie Connor, *in her proper person*, pursuant to 28 United States Code [hereinafter U.S.C.] §2201(a)[1] and Federal Rule of Civil Procedure [hereinafter FRCP] 57[2] and request that this Court render a *speedy* Declaratory Judgment as to the status of the party litigants for reasons stated below.

This court has jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant 28 U.S.C. §1331. The question presented to this Court for determination is whether or not Anne Marie Connor is a ***taxpayer*** pursuant to, and/or under 26 U.S.C. §7701(a)(14).

Anne Marie Connor [hereinafter "Connor"] has obtained a copy of a Determination by the Commissioner of Internal Revenue or his delegate as to her

---

[1] Sec. 2201. Creation of remedy

    (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of Canadian merchandise, as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be review able as such.

[2] FRCP Rule 57. Declaratory Judgments

The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C. §2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

1

*status* as shown on the *Official Record of Account*,[3] and therefore the *status* of Connor as a **taxpayer** is a question in light of the law and agency's *Official Record of Account*, given the agency's record literally establishes the agency determined Connor was not liable in tax periods 1999[4] and 2001 through 2003.

After reading and researching the statutory – regulatory law as well as the Internal Revenue publications and manuals relevant and applicable to this matter Connor questions whether or not she is the *taxpayer*, within the precise subject matter of 26 U.S.C. If the defendant considers Connor to be the *taxpayer* contrary to the contents of its own *Official Record of Account*, then Connor will seek to compel **certification** of the content[5] of the *Official Record of Account* and such other documentation establishing:

    a)    That she is the *taxpayer*, and

    b)    Proof that the agency has not failed to maintain the record as required by law.[6]

Additionally, Connor will seek such documentation, including but not limited to, as the *Official Record of Account*[7] establishing the existence and maintenance of a

---

[3] *see* IRM 9.6.4.7.3.4.7.1 (10-29-01) Authentication of Official Records at: http://www.irs.gov/irm/part9/ch06s03.html#d0e48930 which reads at item 4: "A Certificate of Assessments and Payments, Form 4340, (for non-ADP returns) **or a Computer Transcript**, Form 4303, (for ADP returns) is customarily offered in evidence through a representative of the IRS as a transcript of the records to which it relates. **These forms**, properly authenticated in accordance with Rule 44 of the Federal Rules of Civil Procedure, **are admissible without the presence of an IRS representative.**"

[4] *see* Exhibit 1, IMF Transcript-Complete, p.2, transaction code 590; Exhibit 2, Document 6209 Manual as downloaded prior to January 2003, Chapter 8, p. 33 which reads "Not liable this tax period. Satisfies this module only . . ., "; IMF Transcript-Complete, pp. 3, 4 and 5 where the agency shows no **Adjusted Gross Income (GI), Taxable Income, Total Inc Tax" all showing "0.00" for each tax period in question.**

[5] And not merely the certification as to the IMF Transcript being a *true and correct* copy of the record.

[6] Title 5 U.S.C. §552a(e)(5) and (6)

[7] which is required by Title 5 U.S.C. §552a(e)(5) and (6) to be maintained in such a fashion as to be *timely, relevant, accurate and available*.

2

code identifying *filing requirements related to entity liability*[8] in accordance with its Privacy Act Use Notice for the Integrated Data Retrieval Systems (IDRS).

Furthermore, the defendant, by and through its agency the Internal Revenue Service, is actively pursuing Connor, civilly.[9] Given that the pursuit exists, there is then a genuine and justifiable controversy. As a direct result of the conflict between the administrative pursuit, and the content of the *Official Record of Account* used daily by the agents involved, there is a genuine and real potential for deprivation of rights to self and/or of property, which are presently and/or contemporaneously at risk. Penalties arise from the alleged violations of civil statutes which purport to create duties, obligations and debt attributable to Connor; and which statutes apply only to the **taxpayer** and **not the non-taxpayer**.[10] Where the government chooses to pursue a non-filer, the government must not assume the position that the end justifies the means, i.e., erroneous and illegal filings; clearly the agents are required by the law and ethics rules to obey all laws.

Given the authority researched and considered the *founding documents,* as cited to by the agency, and the authority provided through judicial rulings quoted and/or cited to herein by numerous and varied courts, including the

---

[8] see Treasury/IRS 24.029, System name: Individual Account Number File (IANF)--Treasury/IRS as published at GPO official web cite.
[9] see Exhibit 1, IMF Transcript-Complete with exemptions taken of entries thereon, copies of which are attached hereto.
[10] Long v. Rasmussen, 281 Fed. 236: "The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayer, and not non-taxpayer. The latter are without their scope. No procedure is prescribed for non-taxpayer, and no attempt is made to annul any of their rights and remedies in due course of law. With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws." [Emphasis added.] Long v. Rasmussen, 281 F.236, at 238 (1922) Economy Plumbing and Heating v. U.S., 470 F.2d 585, at 589 (1972).

3

United States Supreme Court, the agency was restricted in the past, as is restricted now, in its authority to make returns on behalf of individuals allegedly subject to the *income tax* to those statutes dealing directly with making returns where none were made, i.e., 26 U.S.C. §6020(b). The United States Tax Court has repeatedly stated in its decisions since 1986 see In <u>Phillips v. Commissioner</u>, 86 T.C. 433, 437-438, 1986 WL 22098 (1986);[11] <u>Cabriac v. CIR</u>[12], 120 T.C. No. 10, Tax Ct. Rep (CCH) 55, 124, Tax Ct. Rep (RIA) 120-10; ; <u>Millsap v. Commissioner, 91 T.C. 926, 1988 WL 123581 (1988)</u>,[13] that the incomplete Form 1040 as filed by the agency is not a valid return;[14] and further that it would accept as a valid return only if the incomplete form was submitted simultaneously and attached to the Revenue Agents Report containing the explanations and computations reflecting the existence of income and the tax due. There is no legal authority or definition to be found in the statutes or regulations for a *Substitute for Return*. 26 U.S.C. §6020(a) provides for preparation of a return much like the *Tax Preparers* authorization where the individual

---

[11] In <u>Phillips v. Commissioner, 86 T.C. 433, 437-438, 1986 WL 22098 (1986)</u>, affd. in part and revd. in part on another issue <u>851 F.2d 1492 (D.C.Cir.1988)</u>, we held that a "dummy return", i.e., page 1 of a Form 1040 showing only the taxpayer's name, address, and Social Security number, was not a <u>section 6020(b)</u> return.

[12] **Held, further, that the** <u>sec. 6651(a)(2), I.R.C.</u>**, additions to tax for failure to pay amounts of tax shown on returns do not apply because there was no tax shown on any returns attributable to P**, and the unsubscribed substitutes for return showing zero taxes do not meet the requirements for a <u>sec. 6020(b), I.R.C.</u>**, return. The subsequently prepared notice of proposed adjustments and the revenue agent's report, which were not attached to the unsubscribed substitutes for return, whether viewed separately or in conjunction with the substitutes for return, do not constitute returns for purposes of** <u>sec. 6020(b), I.R.C</u>.

[13] respondent prepared Forms 1040 containing the taxpayer's name, address, Social Security number, and filing status. The Forms 1040 contained no information regarding income or tax and were not subscribed. However, attached to the Forms 1040 was a previously prepared revenue agent's report which contained sufficient information from which to compute the taxpayer's tax liability and was subscribed. We held that the Form 1040 together with the attached revenue agent's report met the requirements for a <u>section 6020(b)</u> return

[14] see IMF Transcript Complete, where the transaction SFR 150 is posted with $0.00; which was subsequently extracted and assessed as expressed in Document 6209 Manual at p. 8-11 attached hereto as Exhibit 3.

4

provides information to an accountant or H.& R. Block representative, and signs the return; 26 U.S.C. §6020(b) provides authority for the Secretary to *make* a return, on the Form required by the Secretary exactly as though the *taxpayer* had made his own, and stamped IRC 6020(b), and subscribed by the agent preparing same.

Anne M. Connor, respectfully shows this court that she has presented a genuine and present controversy within this action in that she, in good faith, denies that the status falsely portended on the legally insufficient Forms 1040 (stamped SFR), which in and of themselves constitute false and fraudulent filings with a federal agency by the agent/agents acting beyond the legitimate authority for the making of returns pursuant to 26 U.S.C. §6020(b), the attendance of which is necessary for any and all administrative/civil inquires and or penalties, that further, Connor denies that lawful authority exists for *preparation* in lieu of *making and subscribing* returns; and that the agency intentionally misinforms the agents and public in that their actions fail to comply with 26 U.S.C. §6020(b) as claimed and detailed in the IRS manuals.

Connor is seeking and respectfully requests a speedy and/or expedited Declaratory Judgment, so that she may timely respond to, and avoids a problem with the Internal Revenue Service. Once the agency starts its administrative acts it claims a presumption of correctness in all subsequent procedures, by encoding the alleged transaction(s) on the *Official Record of the Account*; leaving Connor without an administrative position from which relief can be obtained. Given every action allowed within the so-called

administrative process compels submission of information and personal papers, i.e., surrender of rights retained to herself, Connor would then be voluntarily providing the agency with information from which the agency can and does prepare a *return*[15] as a stipulation/agreement.

**WHEREFORE** Connor prays that this Honorable Court grant the request and render a speedy and/or expedited Declaratory Judgment with regard to the status of both the Plaintiff and Defendant.

Respectfully submitted this 6th day of July, 2005 by:

*Anne Marie Connor*
Anne Marie Connor, proper person
7 Kent Avenue
Bethany Beach, DE 19930

---

[15] 26 U.S.C. §6020(a)

## CERTIFICATE OF MAILING

IT IS HEREBY CERTIFIED that service of the (REQUEST FOR SPEEDY DECLARATORY JUDGMENT ) with three exhibits and ( MOTION TO SEAL ) was made this date by depositing a true and correct copy of the same for mailing at Bethany Beach, DE by the United States Postal Service First class CERTIFIED MAIL/RETURN RECEIPT REQUESTED postage prepaid, addressed to each of the following:

U.S. Attorney Office
District of Delaware
844 North King Street
Wilmington, Delaware 19801

U.S. Department of Justice
Attorney General
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

Commissioner of the Internal Revenue and
Internal Revenue Service
1111 Constitution Avenue NW
Washington, D.C. 20224

Civil Process Clerk
United States District Court
District of Delaware
844 North King Street
Wilmington, Delaware 19801

Dated this 8th day of July, 2005

By: _____
Anne Marie Connor







U.S. POSTAGE PAID
BETHANY BEACH, DE
JUL 08, '05
AMOUNT $7.90
00077178-01

7005 1160 0003 4052 7382

U.S. District Court
District of Delaware
844 N. King Street
Wilmington, De. 19801

Attention: Civil Process Clerk

Conner
7 Kent Ave.
Bethany Beach, De 19930