UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNE MARIE CONNOR,<br>    Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant | CIVIL ACTION NO. 1:05–cv-00370-GMS<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION TO DISMISS |

Anne Marie Connor filed a "Request for *Speedy* Declaratory Judgment" rather than a complaint in this action. In unnumbered paragraphs on pages 1 through 3 of her "Request," Connor appears to contend that she is not a "taxpayer" under the Internal Revenue Code, and that the Internal Revenue Service has improperly assessed individual federal income taxes against her for 1999, 2001, 2002, and 2003. She asks that the Court declare her "status" as a taxpayer.

There is, in fact, no waiver of sovereign immunity that gives this Court jurisdiction to entertain Connor's suit. It is well settled that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction. *E.g., United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. *E.g., Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

1350588.1

The applicable waiver of sovereign immunity for Connor's "Request for *Speedy Declaratory Judgment*" would be the Declaratory Judgment Act, 28 U.S.C. § 2201, which generally empowers courts to "declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The grant of authority, however, explicitly excludes cases "with respect to Federal taxes." Congress enacted this tax exception to prevent the use of the Act as a means of avoiding the established principle that a taxpayer must pay the assessment before he may challenge it. *Flora v. United States*, 362 U.S. 145, 163-64 (1960). A controversy is "with respect to" federal taxes if it calls into "question a specific provision of the Internal Revenue Code, or ··· a ruling or regulation issued under the Code." *McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir.1983) (district court lacked jurisdiction to issue declaration concerning the validity of a tax regulation).

Connor's "Request" clearly calls for—and only calls for—a determination whether she is a taxpayer under Section 7701 of the Internal Revenue Code: "the *status* of Connor as a **taxpayer** is a question in light of the law..." (Request at p. 2.) As such, the relief sought is barred by the Declaratory Judgment Act. *Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1166 (10th Cir. 2001)(receiver's request to determine tax liability of receivership estate barred; "To hold otherwise would impede the government's ability to assess and collect taxes.") There is no

other waiver of sovereign immunity that allows this suit. Accordingly, the complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

By: _____
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I.D. No. 22145
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Patricia.Hannigan@usdoj.gov

OF COUNSEL:

Charles H. Keen
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 227
Washington, DC 20044
(202) 307-6536

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNE MARIE CONNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-370-GMS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | MOTION TO DISMISS |

### AFFIDAVIT OF SERVICE

I, **MAUREEN R. DAVIS**, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on **September 13, 2005**, the foregoing:

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

was served by causing two copies of said document to be delivered via United States Mail, First Class, postage prepaid, to the following address:

   Anne Marie Connor
   7 Kent Avenue
   Bethany Beach, DE 19930

                              BY: _____
                                   Maureen R. Davis
                                   Legal Assistant

1350588.1