IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANN MARIE CONNOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-370 GMS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

FILED
DEC 14 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## ORDER

1.  On June 7, 2005, Ann Marie Connor ("Connor") filed this *pro se* declaratory judgment action against the United States of America (the "United States"). According to Connor's complaint, the legal question presented in this case is "whether or not [she] is a *taxpayer* pursuant to, and/or under 26 U.S.C. § 7701(a)(14)." (D.I. 7, at 1) (emphasis in original). The complaint further states that the Internal Revenue Service has improperly assessed individual federal income taxes against Connor for 1999, 2001, 2002, and 2003. (*Id.* at 2.) Thus, the court is required to determine Connor's status as a taxpayer.

2.  On September 13, 2005, the United States moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The United States contends that it has not waived its sovereign immunity by consenting to a declaratory judgment action commenced to determine a taxpayer's status as such.

3.  An attack pursuant to Federal Rule of Civil Procedure 12 (b)(1) challenges the jurisdiction of the court to address the merits of the complaint. *Lieberman v. Delaware*, No. CIV. A. 96-523 GMS, 2001 WL 1000936, at *1 (D. Del. Aug. 30, 2001). Such a motion may challenge the court's

jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional fact. *Mortensen v. First Fed. Sav. & Loan*, 439 F.2d 884, 891 (3d Cir.1977) (distinguishing standard governing each type of challenge); *see Lieberman*, 2001 WL 1000936, at *1 (finding facial challenge where defendant did not dispute facts alleged in complaint that supported court's subject matter jurisdiction). The case at hand presents a facial challenge because the United States does not attack the merits of Connor's claims. Accordingly, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of Connor. *Mortensen*, 549 F.2d at 891.

4.   After having considered the United States' contentions and the pertinent case law[1], the court concludes that it is without jurisdiction to hear Connor's claims against the United States. It is well established that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction to entertain a suit against it. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see Dolan v. U.S. Postal Service*, 377 F.3d 285, 287 (3d Cir. 2004) ("It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit.") In the present case, Connor seeks a finding that she was not a taxpayer and, therefore, not required to pay federal income tax in 1999, 2001, 2002, and 2003. The relief that she seeks is a declaratory judgment. Thus, any waiver of immunity for Connor's claims must be found in the Declaratory Judgment Act, 28 U.S.C. § 2201

---

[1] On November 1, 2005, the court issued an Order (D.I. 11) directing Connor to file a responsive brief to the United States' motion. Connor did not file a responsive brief. The court, therefore, considered only the United States' contentions and relevant case law in making its determination.

(the "Act").

5.  The Act states, in pertinent part:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). The exception to section 2201(a) was enacted expressly to except disputes "with respect to Federal taxes." *Flora v. United States*, 362 U.S. 145, 164 (1960) (citation omitted). Indeed, "'[t]he application of the Declaratory Judgment[] Act to taxes would constitute a radical departure from the long-continued policy of Congress . . . with respect to the determination, assessment, and collection of Federal taxes. . . ." *Id.* (citing S.Rep. No. 1240, 74th Cong., 1st Sess. 11) That is, Congress enacted the exception to prevent parties from using the Act to circumvent the established principle that a taxpayer must pay first and litigate later. *Id.* Thus, the federal tax exception to section 2201(a) bars federal courts from granting declaratory judgments on issues involving tax liability. *Handeland v. Commissioner of Internal Revenue*, 519 F.2d 327, 329 (9th Cir. 1975); *see Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1165-66 (10th Cir. 2001); *Charmichael v. United States*, 245 F.2d 676 (5th Cir. 1957); *O'Connor v. United States*, 669 F. Supp. 317, 321 (D. Nev. 1987) (dismissing taxpayer status action for lack of subject matter jurisdiction).

6.  In the present case, Connor's request concerns only the court's determination as to her taxpayer status. Because that determination is beyond the powers of this court and Connor has not pointed to any other waiver of sovereign immunity that would apply, the complaint must be

dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Therefore, IT IS HEREBY ORDERED that:

1. The United States' Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter (D.I. 9) is GRANTED.

2. The plaintiff's claims against the United States are dismissed with prejudice.

Dated: December 13, 2005

UNITED STATES DISTRICT JUDGE